IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CEPHAS KNOWLES,

    Petitioner,

v.                                                              CASE NO. 4:05-CV-4-MMP-AK

WILLIE FLOYD, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter, which was transferred from the United States District Court for the Southern District of Florida, is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Cephas Knowles. Petitioner has paid the filing fee. Respondents filed a response limited to the issue of timeliness. Doc. 12. Petitioner did not file a reply, and thus, this cause is in a posture for decision.

Petitioner was charged with attempted first degree murder. Doc. 12, Ex. A at 28. On November 12, 2001, he pled no contest to the charge and was sentenced to fifteen years imprisonment. *Id*. at 29. He did not appeal. On or about May 27, 2003, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850. *Id*. at 1-24. The motion was denied, with the denial being affirmed on appeal. *Id*. at 25 & Ex. B. The instant petition was filed on or

about August 10, 2004.

Since Petitioner did not file a direct appeal, he is not entitled to the additional ninety-day period for seeking certiorari, and thus, Petitioner's conviction became final on December 27, 2001, when the time to appeal in state court expired. Petitioner therefore had one year from that date to file the instant petition. As the instant petition was not filed until August 10, 2004, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court in May, 2003, and the filing of that motion could not toll a statute of limitations that had already expired. Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the

*Page 3 of 3*

petition for writ of habeas corpus be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  1st  day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**